IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAVAUGHNTAIYE WILLIS;
STEVEN CODY A/K/A ISHMAEL OBAMA                                     PLAINTIFFS

            v.                     Civil No. 15-5099

SHERIFF TIM HELDER; NURSE
SMITH; SERGEANT MUGGEY;
and SERGEANT CARTER                                                 DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, Willis and Cody/Obama, are inmates of the Arkansas Department of Correction (ADC), Varner Unit. They bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs have submitted a combined application to proceed *in forma pauperis* (IFP)(Doc. 1). The actions that are the subject of the case occurred in December of 2012 when the Plaintiffs were incarcerated in the Washington County Detention Center (WCDC).

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. Discussion**

As part of the PLRA, 28 U.S.C. § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but can do so in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status.  Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges.  *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Plaintiff Cody/Obama has at least three previous actions that qualify as strikes against him under section 1915(g).  In this regard, it is important to note that the Plaintiff has filed lawsuits under the name Steven Cody, Stephen Cody, Steven Donnelle Cody, Stephen C. Obamas, Bishmael H. Obamas, and Ishmael Obama.  All variations of Plaintiff's name contain the same ADC number 145160.[1]  The ADC lists his name as "Cody/Obama, Steven/Isma D."

Among the cases that count as strikes against the Plaintiff are the following:  *Cody v. Arkansas Food Bank Network, et al.,* Civil No. 4:09cv-00089 (E.D. AR; dismissed as frivolous on February 9, 2009); *Cody v. Harris, et al.,* Civil No. 4:09-cv-00145 (E.D. AR; dismissed as frivolous on March 18, 2009); *Forrest, Cody, et al. v. Bowers, et al.*, Civil No. 1:11-cv-00026 (E.D. AR; dismissed as frivolous on Mary 31, 2011).  In addition, Plaintiff has had a number cases dismissed based on the three strikes provision, *Elps, Cody et al. v. Lewis, et al*, Civil No. 5:11-00165 (E.D. AR; dismissed on July 11, 2011); *Cody v. Margaret, et al.*, Civil No. 10-6070 (W.D. AR; dismissed

---

[1] The ADC number listed on the complaint is 146150.  This is incorrect.  Cody/Obama's correct ADC is 145160.

January 7, 2014); *Obamas v. Godfrey, et al.,* Civil No. 13-2246 (W.D. AR; dismissed on June 16, 2014); *Obamas v. Dorney, et al.,* Civil No. 14-2105 (W.D. AR; dismissed on June 16, 2014).

Plaintiff Cody/Obama has not alleged any facts to indicate that he is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Plaintiff Cody/Obama is no longer incarcerated in the WCDC and presently has no interaction with any of the named Defendants. Therefore, Plaintiff Cody/Obama is not eligible for IFP status.

With respect to Plaintiff Willis, I first note that he may not be represented by Plaintiff Cody/Obama. Plaintiff Willis may represent himself; however, he may not be represented by another inmate. 28 U.S.C. § 1654. As both the IFP application and the statement of the claim in the complaint are a muddled mess of the claims of both Plaintiffs, Plaintiff Willis should be directed to file an IFP application and complaint asserting only his own claims. This complaint and IFP application should be field as a separate lawsuit.

## II. Conclusion

Accordingly, I recommend that the motion (Doc. 1) to proceed IFP status be denied and that Cody/Obama's claims be dismissed without prejudice to his right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).

It should be noted that, in the event that Cody/Obama tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.

Finally, I recommend that Plaintiff Willis be directed to submit a new complaint and IFP application. This complaint and IFP application should be filed as a separate case.

**The Plaintiffs have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiffs are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of May 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE